## THE VILLAGE OF ST. ANNE

### *v.*

### LOUIS COYER.

*Opinion filed October 23, 1906.*

1. APPEALS AND ERRORS—*chancellor's finding of fact will stand unless clearly wrong.* The chancellor's findings of fact from conflicting oral testimony will not be disturbed on appeal unless clearly against the preponderance of the evidence.

2. HIGHWAYS—*what does not support a claim of way by user.* Travel outside of a street line as originally platted, which is not under claim of right but only occasional and for individual purposes, to avoid bad spots in the roadway or to go to places not reached by the street, is not sufficient to support a claim that the street as originally laid out had been widened by twenty years' adverse user.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. JOHN SMALL, Judge, presiding.

W. G. BROOKS, and J. BERT MILLER, for plaintiff in error.

SAVARY & RUEL, and H. K. & H. H. WHEELER, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The plaintiff in error village filed its bill in chancery in the circuit court of Kankakee county praying for an injunction against the defendant in error to restrain him from encroaching upon a street of the village, known as Chicago avenue, by the proposed erection of a building. The answer of the defendant in error admitted such a street, of the width of forty-five feet, existed, but insisted that the place where he was proceeding to erect a building was outside and beyond the limits of the street. Upon a hearing the chancellor dismissed the bill of the plaintiff in error village and entered judgment for costs against such village. This is a writ of error sued out to bring the action of the circuit court before us for review.

The only question at issue was whether the street was of the width of forty-five or sixty feet. If the street was of the greater width the defendant in error was attempting to build thereon, if of the lesser width the defendant in error was proceeding to build on his own lands.

The title of the village to the street in question herein is claimed, in the brief of counsel for the village, by user alone. There was a plat showing this street of the width of forty-five feet, but the plat was not legally effective for want of compliance with the statutory requirement, and the village claimed by alleged notorious, exclusive use for twenty years. As to what width the street had been used was a closely contested question of fact, upon which many witnesses were heard to testify. The witnesses on behalf of the plaintiff in error village stated that the street was used by the public for many years for a width of from fifty-five to seventy-five or eighty feet. Those heard on behalf of the defendant in error testified that the traveled portion of the roadway which was used at any and all times by the public did not exceed forty-five feet. In this condition of the record it would be impossible for us to demonstrate that the trial court was in error in the ruling complained of. In addition to the oral testi-

223—7

mony of these various witnesses, we find that the village, in the exercise of its rights as the custodian of the streets for the public, performed certain acts indicating, to some extent, what it regarded as the limits of the street. It was shown that the cross-walk across this street, built by the village officers, was made of plank sixteen feet in length, and that the walk extended but for the length of two of these planks, or thirty-two feet. It was also shown that the village authorities caused tile-drains to be put in at such point along the street as to indicate that they only claimed up to the forty-five foot line, as claimed by the defendant in error. The original plat of this portion of the village showing this street indicated a street only forty-five feet in width. This plat, however, was not a statutory one. We think it clear from the proofs that the travel outside and beyond the forty-five foot line of the street was not under claim of right, but was only the occasional travel of an individual for his individual uses, for the purpose of avoiding bad places in the forty-five foot strip or to reach certain points not reached by the street.

We find no ground of reversal in the ruling of the court as to the admission and exclusion of evidence. The testimony of the witness Chartier as to the knowledge of the orginal owner of the lots that a portion of the lots was being used as a public way was excluded on the ground it did not appear this witness had any knowledge on the subject. There was no error in this. In this state of the record we cannot disturb the decree of the chancellor, as the rule is, that where the evidence is conflicting the findings of the chancellor will not be disturbed unless such findings are clearly and manifestly against the preponderance of the evidence. *Lane* v. *Lesser,* 135 Ill. 567; *Haug* v. *Haug,* 193 id. 645.

A careful examination of the testimony fails to show that it preponderates in favor of the plaintiff in error village, and the decree must therefore be affirmed.

*Decree affirmed.*